# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JONATHAN LEELIND HENSLEY, Also Known as GG,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-132-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonathan Hensley appeals the sentence imposed following his conviction of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. For the first time on appeal, Hensley claims that the district court plainly erred by applying a two-level enhancement pursuant to U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51233

Sentencing Guidelines § 3B1.1(c) for his being an organizer, leader, manager, or supervisor of the criminal activity. He asserts that the facts set forth in the presentence report showed that he managed only the property, assets, or activities of the criminal activity but not any of the participants. He contends that the enhancement is applicable only where a defendant exerts control over other participants.

Because Hensley did not raise that issue in the district court, we review it for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Hensley must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The government has moved for summary affirmance on the ground that the sole issue raised by Hensley is foreclosed. A two-level enhancement under § 3B1.1(c) is appropriate where the defendant exercised control over either another participant in the criminal activity or the property, assets, or activities of the criminal activity. *United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (en banc); *see also United States v. Ochoa-Gomez*, 777 F.3d 278, 282–83 (5th Cir. 2015). Accordingly, as Hensley concedes, his argument is foreclosed. *See Delgado*, 672 F.3d at 345.

The motion for summary affirmance is GRANTED. The government's alternative motion to extend the time to file its brief is DENIED as unnecessary.

AFFIRMED.